SM/MCS: USAO# 2014R00442

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 14
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| v. * | CRIMINAL NO. ROB-15-015 |
| * | |
| KEVIN MILLER, * | (Conspiracy to Distribute and Possess |
| a/k/a Chevy, * | with Intent to Distribute Heroin, 21 |
| * | U.S.C. § 846; Aiding and Abetting, 18 |
| ALEX RAUL ROJAS, * | U.S.C. § 2) |
| a/k/a Alex Ramon Rojas, * | |
| a/k/a Alex Raul Rojas-Fontenez, * | |
| a/k/a Alex Ramon Rojas-Fontenez, * | |
| a/k/a Sanchez, * | |
| a/k/a Jose Jesus Lopez-Barrerra, * | |
| a/k/a Elvis Chaparro, * | |
| a/k/a Frank, * | |
| a/k/a Andy, * | |
| * | |
| MARK DEMBY, * | |
| a/k/a Chico, * | |
| * | |
| KEITH DEMBY, * | |
| a/k/a Rage, * | |
| * | |
| AMANDA CANDICE BLADES, * | |
| * | |
| Defendants. * | |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin)

The Grand Jury for the District of Maryland charges that:

1.     From in or about January, 2014 continuing through the date of this indictment, in the District of Maryland and elsewhere,

**KEVIN MILLER,
ALEX RAUL ROJAS,
MARK DEMBY,**

**KEITH DEMBY, and**
**AMANDA CANDICE BLADES**

the defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21 United States Code, Section 846.

**Quantity of Controlled Substances Involved in the Conspiracy**

2. With respect to **KEVIN MILLER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A);

3. With respect to **ALEX RAUL ROJAS**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A);

4. With respect to **MARK DEMBY**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A);

5. With respect to **KEITH DEMBY**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, 100 grams or more of a mixture and substance containing a detectable amount of heroin, all in violation of 21 U.S.C. § 841(b)(1)(A); and

6.      With respect to **AMANDA CANDICE BLADES**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A).

21 U.S.C. § 846
18 U.S.C. § 2

## FORFEITURE

The Grand Jury further finds that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count 1, the defendants shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

   A sum of money equal to the value of the proceeds of any offense for which the defendant is convicted.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

21 U.S.C. § 853; 28 U.S.C. § 2461(c).

 

_Rod J. Rosenstein_
Rod J. Rosenstein
United States Attorney

**SIGNATURE REDACTED**  1/12/15
Foreperson  Date